IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYDIA MCCOY,

       Plaintiff,

    v.

SC TIGER MANOR, LLC; et al.,

       Defendants.

Case No. 6:21-cv-01580-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Lydia McCoy, proceeding pro se, brings this consumer credit action against numerous Defendants. In 2015, Plaintiff moved into an apartment complex is Louisiana. Comp. ⁋ 17. In 2016, the apartment complex "destroyed plaintiff's nearly new hybrid vehicle that was parked on its property." *Id.* at ⁋ 18. When the complex refused to pay for the damage, Plaintiff filed a civil action against the complex. *Id.* The complex noted "that in order for it to fraudulently dismiss the plaintiff's suit, concerning destruction of her vehicle, they needed to make plaintiff sign another lease with them." *Id.* at ⁋ 19. It is unclear if Plaintiff signed a new lease, but ultimately it is immaterial to the outcome here. What is clear is that the parties disagreed over the amount, if any, Plaintiff owed in "concessions" or "buy out" fees and, in general the amount Plaintiff owed Defendants. *Id.* at ⁋ 23-25. Defendants "maliciously

1 – OPINION AND ORDER

proceeded with 'eviction,' as another form of retaliation and a way of injuring the plaintiff." *Id.* at ¶ 27.

One Defendant reported several thousand dollars in debts to reporting agencies. *Id.* at ¶ 30. To be sure, Plaintiff disputes owing any debt. *Id.* at ¶ 35.

> Not knowing what else to do, and how to get that fraudulent "debt" removed from her credit file, and being deeply hurt by injustice whereas she knew that deceptive people willfully and maliciously violated the law with intent to injure plaintiff but were completely untouchable and plaintiff was unable to even get that fraudulent 'debt' deleted, she, on October 16, 2019 initiated an action in the district court for the middle district of Louisiana against Tiger Manor, IQ Data, Equifx, and Experian.

*Id.* at ¶ 40.

The Middle District of Louisiana conspired to label Plaintiff's action "frivolous." *Id.* at ¶ 43. The magistrate and Article III judge in Plaintiff's federal action "purposefully assisted defendants in abuse of litigation and discovery obstruction." *Id.* at ¶ 46. To put it lightly, Plaintiff takes issue with the discovery process in that case. Again, this appears to have been a conspiracy between the Defendants, including the judicial officers, to deny Plaintiff with any meaningful discovery in an attempt to deny her access to the courts.

> Plaintiff became a victim of the fraudulent enterprises, attorneys, and courts' [sic] that have been treating her with hostility and marked prejudice and partiality. Plaintiff is entitled to have her matter litigated in the impartial and fair tribunal that would afford the plaintiff effective and meaningful access to courts just like the law requires. Therefore, plaintiff seeks the following relief from the Court:

*Id.* at ¶ 64.

Plaintiff's Complaint suffers fatal deficiencies. First, Plaintiff is merely attempting to relitigate here what she already litigated in her action in the Middle District of Louisiana. To that extent, her claims are barred by claim preclusion or res judicata. A Plaintiff may not bring an action against the same defendant twice where the second claim is based on the same factual

transaction as the first, seeks an additional or alternative remedy, and could have been joined in the first action. *Drews. v. EBI Companies*, 310 Or. 134, 140 (1990). Claim preclusion does not require actual litigation, nor does it require that the determination of the issue was essential to the outcome of the proceeding. Claim preclusion only requires that the Plaintiff had the opportunity to litigate and that there was a final judgment in the first action. *Id.* Here, it is unclear if Plaintiff's action in the Middle District of Louisiana remains pending. It appears that Plaintiff is simply not satisfied with the result, or likely result, of her Louisiana action. But any appeal as to what happens there must go to the Fifth Circuit Court of Appeals. Merely attempting to relitigate those claims in another District Court on the other side of the country is not permissible.

And while the Federal judicial officers named here were not named there, any claims against them for any actions taken during Plaintiff's federal action in Louisiana are clearly barred by absolute judicial immunity. Judges are absolutely immune from lawsuits based upon judicial acts taken within the jurisdiction of their courts. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Whether a judge was performing acts protected by judicial immunity is determined by analyzing four factors: (1) the precise act is a normal judicial function; (2) the location where the events at issue occurred; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999). Here, all four factors are met and the claims against the judicial officers are therefore DISMISSED, with prejudice.

Additionally, the Complaint contains no allegation that this Court has personal jurisdiction over any Defendant. Because there is no applicable federal statute governing personal jurisdiction, the Court looks to Oregon law.[1] Oregon law authorizes personal jurisdiction to the fullest extent permitted by the Due Process Clause of the U.S. Constitution. *See* Or. R. Civ. P. 4L. To establish personal jurisdiction, a plaintiff must show that a defendant had "minimum contacts" with Oregon, such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Although in some limited circumstances courts consider the respective interests of the forum state and the plaintiff, the requirement of "minimum contacts" exists primarily to "protect[] the defendant from the burdens of litigating in a distant or inconvenient forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Therefore, for an exercise of jurisdiction to be proper, "minimum contacts" must "proximately result from actions by the defendant *himself*"—not the "unilateral activity of [a plaintiff] or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Due process also demands that a defendant's contact with the forum state be *purposeful*, and not merely "random, fortuitous, or attenuated." *Burger King Corp.*, 471 U.S. at 475–76.

The Court further finds that an exercise of personal jurisdiction in the instant case would blatantly offend "traditional notions of fair play and substantial justice." There is not a single allegation in the 44-page complaint remotely connecting any action of any Defendant with the state of Oregon. This action involves a disputed debt arising, and then litigated in, Louisiana. Not

---

[1] The state law that applies is determined by the state in which the district court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

only does no Defendant appear to have "minimum contacts" with the state of Oregon, no Defendant appears to have any contacts with the state of Oregon. Therefore, this action must be dismissed for lack of personal jurisdiction over any Defendant.

For similar reasons, this action must be dismissed for improper venue. Venue is governed by 28 U.S.C. § 1391(a)(1). That statute provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, no Defendant resides in Oregon and, at least as alleged in the 44-page Complaint, not one Defendant has any connection at all with the state of Oregon. In fact, no events giving rise to any claim appear to have occurred within thousands of miles of Oregon. Finally, Plaintiff can, and did, bring these claims in the Middle District of Louisiana.

Because this action suffers from multiple fatal deficiencies, this matter is DISMISSED, with prejudice. The judicial officers are entitled to absolute immunity and, as to the other Defendants, the proper course is to take any appeal to the Fifth Circuit Court of Appeals.
IT IS SO ORDERED.

DATED this 4th day of November 2021.

        /s/ Michael J. McShane
        Michael McShane
        United States District Judge